In the Matter of the Accountings of DAVID HAWLEY, as Executor, and as Testamentary Guardian and Trustee, etc.

The provisions of the Code of Civil Procedure regulating the method by which a review of errors on a trial before a surrogate may be secured, and providing for a loss of a right of review unless such methods are regularly pursued, furnish and limit the only remedy against such errors.

The power of a surrogate to open or vacate a decree of his court is limited to cases where "fraud, newly-discovered evidence, clerical error, or other sufficient cause" of a like nature are shown. (Code of Civ. Pro., § 2481, subd. 6.)

An adjudication made by a surrogate in a proceeding to which a minor, regularly represented in accordance with the practice of the court, was a party, has the same effect as a similar adjudication between adults, and his relief from an erroneous or irregular adjudication is the same except as to the time within which an application for relief from an irregular judgment must be made (Code of Civ. Pro., § 2742.)

Accordingly *held*, that an order was erroneous which vacated decrees of a surrogate upon settlement of the accounts of H. as executor, and as testamentary guardian, where the order was granted on petition of the *cestui que trust* after he became of age, which simply alleged that some of the determinations of the surrogate were erroneous as matter of law, without any proof or suggestion of fraud, newly-discovered evidence, clerical error, or other similar cause of complaint.

If a court of record has inherent power over its own records to modify, annul and vacate them independent of any special statutory authority (as to which *quære*), it belongs exclusively to the court whose records are in question and may not be exercised for it by an appellate tribunal.

*In re Hawley* (36 Hun, 258), reversed.

(Argued October 6, 1885 ; decided October 20, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made May 12, 1885, which reversed an order of the surrogate of the county of Westchester, denying an application of Adam M. Singer to

open, vacate, or modify certain decrees of said surrogate, and which granted the application. (Reported below, 36 Hun, 258.) The material facts are stated in the opinion.

*Samuel Hand* for appellant. The surrogate had jurisdiction to make the decrees sought to be set aside in this proceeding. (Code, § 3347, subd. 11.) As the present application was not made until more than seven years after the rendering of the decree of October 31, 1877, and more than five years after that of December 30, 1878, it is, therefore, absolutely barred, even if infancy constituted an error, in fact not arising upon the trial, and therefore *dehors* the record. (*Matter of Tilden*, 98 N. Y. 434.) The General Term had no power to open or vacate these decrees, the surrogate having had jurisdiction to make them. (*In re Tilden*, 98 N. Y. 434; *McGuffin* v. *Cohoes*, 74 id. 387; *Hoffman* v. *Etna Ins. Co.*, 32 id. 412; *Coffin* v. *Reynolds*, 37 id. 640; *R. R. Co.* v. *Dows*, 4 J. & S. 137; *Shotwell* v. *Murray*, 1 Johns. Ch. 316; *Chapman* v. *Layton*, 18 Wend. 417; *Brisbane* v. *Dacres*, 5 Taunt. 7; *Fisher* v. *Gould*, 81 N. Y. 232.) It cannot be questioned but that adults are concluded by these decrees, and where infants have been duly cited and represented by guardian *ad litem*, they are just as much bound as persons of full age, and courts of record and general jurisdiction will only open or vacate the decrees for the same reasons. The court does its whole duty when it appoints a competent person to be the infant's special guardian. (Freeman on Judgments, § 151; Daniels' Ch. Pr. [5th ed.] 151; *Brick's Estate*, 15 Abb. Pr. 12; *Phillips* v. *Dusenbury*, 8 Hun, 348; Redf. on Surr. Courts, 557; Roper on Legacies, 191, 192; *Tift* v. *Porter*, 8 N. Y. 516; *Walton* v. *Walton*, 7 Johns. Ch. 258; *Ovey* v. *Broadbent*, L. R., 20 Ch. Div. 676; *S. C.*, 8 App. Cas.; *Young* v. *Carser*, 1 Dev. & B. [N. C.] 360; *Coleman* v. *Coleman*, 2 Ves. Jr. 641, Sumner's note; *Matter of Pollock*, 3 Redf. 100; *Osborn* v. *McAlpine*, 4 id. 1.) No rule as to specific legacies could apply after the stock was set apart to the testamentary guardian and trustee. (*Matter of Moffat*, 24 Hun, 325; *Wagstaff* v. *Lowerre*,

23 Barb. 226; 3 Abb. Pr. 411; *Matter of De Peyster*, 4 Sandf. Ch. 511.) The testamentary guardian and trustee is entitled to commissions upon the whole estate coming to his hands, even though he had received commissions on the same as executor. (*Layton* v. *Davidson*, 95 N. Y. 203; *Hurlburt* v. *Durant*, 88 id. 126; *Johnson* v. *Lawrence*, 95 id. 154; *Prince's Estate*, 1 Tucker, 119; *Cram* v. *Cram*, 2 Redf. 244.) Section 2742 of the new Code makes a judicial settlement of an executor's account conclusive evidence that items allowed to the accounting party for money paid to legatees for necessary expenses and for his services are correct. Infants are bound by this section the same as adults. (*Brick's Estate*, 15 Abb. 12.) There were no allegations of fact proved to warrant courts of record and general jurisdiction opening or vacating these decrees. (3 R. S. [5th ed.] 179, § 63; id. 181, § 81, subd. 4; id. 182, § 79; id. 179, § 64.)

*C. E. Tracy* for respondent. Hawley was entitled to a commission upon The Singer Manufacturing Company stock but once, if at all. (*Hall* v. *Tryon*, 1 Demarest, 276; *Schenck* v. *Dart*, 22 N. Y. 420; *Phœnix* v. *Phœnix*, 28 Hun, 629; *In re Moffat*, 24 id. 325.) All that Hawley ever received and paid out was the dividends upon the stock, and upon them only was he entitled to a commission. (*McWharter* v. *Benson*, 1 Hopk. 36; *Morgan* v. *Hannas*, 13 Abb. [N. S.] 361; *Foley* v. *Eagan*, id., note; *Drake* v. *Price*, 5 N. Y. 430; *Slosson* v. *Naylor*, 2 Demarest, 257; *Meeker* v. *Crawford*, 5 Redf. 450; *Tyler* v. *Hart*, id. 450; *Young* v. *Young*, id., note; *Cram* v. *Cram*, 2 id. 244.) The bare fact of the appointment of a guardian *ad litem* is not sufficient to prevent a re-examination or a rehearing. The whole duty of a surrogate is not performed by appointing a guardian *ad litem*, nor is the infant bound by the neglect of the guardian. (*Brick's Estate*, 15 Abb. 36; *Wright's Accounting*, 16 Abb. [N. S.] 429; *Dobke* v. *McClaren*, 41 Barb. 491; *Story* v. *Dayton*, 22 Hun, 450; *Tucker* v. *McDermott*, 2 Redf. 312.)

RUGER, Ch. J.   Reference to the principles determined *In re Tilden* (98 N. Y. 434) seems to furnish a rule, by which this appeal must be decided.   The facts are quite similar to those existing in that case and are substantially as follows : David Hawley and Charles M. Keller were named as executors in the will of Isaac M. Singer, and were also designated to act as guardians and trustees of the property of the infant legatees named therein. Singer died in July, 1875, and his will was admitted to probate on the application of Hawley, January 10, 1876, and letters testamentary were then issued to him, as sole surviving executor thereof.   Hawley proceeded to administer the estate, and filed his account for a final settlement as executor, on July 16, 1877. Citations were thereupon duly issued by the surrogate and served upon all parties interested in such settlement, and upon the return day thereof guardians *ad litem* were duly appointed for each of the infant parties.   Upon that and subsequent adjourned days such proceedings were had, that on the 31st day of October, 1877, said accounts were settled, and allowed, by the surrogate and a decree was made adjusting the executor's liability and directing a distribution of the property remaining in his hands.   He was thereby directed to retain a part of such property, amounting in value to several hundred thousand dollars, as testamentary guardian and trustee for the petitioner, Adam M. Singer. Twice thereafter, once on December 28, 1878, and again on the 10th of January, 1881, upon a proceeding begun on June 16, 1880, the surrogate, upon an appearance of all of the parties interested, passed the account of the said Hawley as testamentary guardian and trustee for said infant and rendered a decree adjudicating the rights and liabilities of the said parties in their relations to each other as guardian and ward.   In November, 1884, the said ward, having arrived at majority shortly before, presented his petition to the surrogate asking that each of said several decrees be vacated and annulled on account of certain alleged erroneous allowances made therein for disbursements and commissions to the executor and trustee, and the neglect of his guardian *ad litem* to make the proper objections and obtain the disallowance of such improper charges upon such

accounting. This application was denied by the surrogate, but upon appeal from such decision the General Term of the Supreme Court reversed the decision of the surrogate and vacated not only the two decrees entered upon the accounting of the testamentary trustee, but also the decree rendered upon the final accounting of the executor.

We can find no authority for the order made by the General Term. That court has thereby assumed to vacate several decrees duly made by a surrogate in a proceeding regularly pending before him and as to which he had duly acquired jurisdiction over the parties and subject-matter, upon a mere allegation in a collateral proceeding that some of his determinations were erroneous as matter of law. This has been done several years after the decrees were entered and without any proof, or even a suggestion in the petition therefor, that any such fraud or clerical error had been committed, or the existence of evidence newly discovered, or any other cause rendering such an order proper under section 2481 of the Code of Civil Procedure. To authorize one court in collateral proceedings to set aside the judgment or decree of another, regularly entered, something more is required than proof of the existence of an erroneous determination of such court upon the questions litigated therein. The due enjoyment of property rights, and the repose of titles, which that enjoyment requires, renders it necessary that the adjudications of legal tribunals, upon which rights to a large extent rest, should not be lightly disturbed or arbitrarily set aside and vacated after long lapse of time, for errors which should have been discovered and remedied at the time of their perpetration. Some excuse must be shown by a party why he has not availed himself of the right of review provided by the statute, and the character of such excuse is described in section 2481. That section very clearly defines the nature and characteristics of the proof necessary to authorize a proceeding thereunder, and by its expression of the circumstances under which such an application can be made, very clearly implies that it cannot be successfully maintained upon other grounds. The provisions of the Code of

Civil Procedure regulating the methods by which a review of the errors occurring upon a trial before a surrogate can be secured, and providing for a loss of the right of review unless such methods are regularly pursued, also furnishes the strongest implication that such errors are not remediable by any other proceeding. It was held in *In re Tilden* (*supra*), that an adjudication made in a proceeding to which a minor, regularly represented in accordance with the practice of the court, was a party, had the same effect as a similar adjudication between adults, and that the relief which he had from an erroneous or irregular adjudication was the same as that of an adult except in respect to the period of time within which an application for relief from an irregular judgment must be made. (Code of Civ. Pro., § 2742. See, also, Freem. on Judgm., § 151; Dan. Ch. Pr. [5th Ed.] p. 151; *In re Brick's Estate*, 15 Abb. Pr. 12; *Phillips* v. *Dusenberry*, 8 Hun, 348.) It was also there held, that in a proceeding wherein the surrogate had jurisdiction a minor had no relief, under section 2481 of the Code of Civil Procedure, from an erroneous or irregular decree, except upon the ground of fraud, clerical mistake, newly-discovered evidence or other like cause, and that such relief must be applied for within the period prescribed by section 1291 of the Code of Civil Procedure. The application of these rules to the case in hand seems to us to require the reversal of the order of the court below.

The suggestion made by that court that an alleged distinction, made by the Code of Civil Procedure between intermediate, and final accountings, of a testamentary trustee in respect to the effect of adjudications made in the respective proceedings, have no application to decrees made and proceedings instituted before that Code took effect. Even if the views there suggested were correct it was quite unnecessary to vacate the decrees for that reason, as they would not constitute a bar to any subsequent investigation of the trustees' accounts, inasmuch as the surrogate would not have acquired jurisdiction to render the decrees complained of.

It is also proper to say, with reference to the claim made by

the court below, that every court of record has an inherent power over its own records to modify, amend and vacate them independent of the special authority conferred by statute ; that if such power exists it belongs exclusively to the court whose records are in question, and cannot be exercised for it by an appellate tribunal. The General Term has authority over the proceedings of the Surrogates' Courts only in the cases provided by the statute, and this case is not, as we have seen, brought within the provisions of section 2481, giving the appellate court jurisdiction of the case upon appeal.

We think, therefore, that the order of the General Term should be reversed, and that ·of the surrogate affirmed, with · costs.

All concur.

Ordered accordingly.