WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—December, 1885.

FARMERS' LOAN AND TRUST CO. v. HILL.

*In the matter of the estate of* JOHN S. HILL, *deceased.*

Notwithstanding the increased dignity of Surrogates' courts, which were
constituted courts of record in 1877, they still remain tribunals of
special and limited jurisdiction, and have no power, where a determi-
nation has been once made by them, to review it upon a pure question
of law.

Code Civ. Pro., § 2481, subd. 6, which permits Surrogates' courts to open,
vacate and modify their own decrees and orders, etc., was framed
mainly in order to expressly confer upon those tribunals powers which
it had been held that they incidentally possessed.

Matter of Accounting of Hawley, 100 *N. Y.*, 206—explained.

IT appeared from the petition in this matter, that
the decedent, by his will, gave an annuity of $5,000
to his wife for life, and that, after making several
other pecuniary provisions for other persons, he gave
the residue of his estate, to be held by Frances C.
Hill, his widow, and Edward Petit, his son in law, who
were named as executrix and executor, in trust, for
the benefit of his two daughters, Isabella and Ara-
bella, one moiety of the residue in remainder to go
to the children of each, on the death of the mother;
that said Arabella was married to a man by the name
of Quin, and had died leaving two minor children, of
whom the Farmers' Loan and Trust Company had been
duly appointed the guardian, and said guardian now
claimed that said moiety should be paid to it; that,
since the death of Arabella Quin, and in June last, a
decree was entered in this court, on an account there-

tofore filed by said executors, by which they were directed to retain, invest, and re-invest the whole of the residue of the estate, including said moiety, and to which accounting the petitioner was not a party; that the disposition of the estate, as fixed by the decree, was not in accordance with the direction of testator, as expressed in his will. The petitioner, the Farmers' Loan and Trust Company, as such guardian, therefore, prayed that the decree might be opened and amended so as to direct the payment to the petitioner of the moiety of the residuum, charged with the payment of one half the annuities provided by the will.

TURNER, LEE & McCLURE, *for petitioner.*

RODMAN & ADAMS, *for executors.*

THE SURROGATE.—Counsel has submitted elaborate arguments as to the proper construction of the will of the deceased; it being urged, on behalf of the petitioner, that the will contemplated the payment of one half the residuum to the children on the death of the mother; and, in opposition, it being contended that the executors were legally directed, by the decree on the accounting, to retain the whole estate, in order properly to carry out the intentions of the testator. Hence, it is manifest that this court is asked to thus review a decision it has already made, upon a pure question of law. Counsel for the executors object that this cannot be done. The objection, in view of the decisions, *In re* Tilden (98 *N. Y.*, 434), and Singer v. Hawley (3 *Dem.*, 571), recently affirmed by the Court of Appeals (100 *N. Y.*, 206), seems to

be well taken. A copy of the opinion delivered by the latter court, in that case, has been furnished, with a view of showing that it was there held that every court of record has an inherent power over its own records, to modify, amend, and vacate them, independently of the special power conferred by statute. But that court holds no such doctrine. It simply says that *if* a court of record has such power, it belongs exclusively to the court whose records are in question, and cannot be exercised for it by an appellate tribunal. Subd. 6 of § 2481 of the Code seems to have been framed mainly to expressly confer upon Surrogates' courts the powers which, it had been already held by the courts, they incidentally possessed (Sipperly v. Baucus, 24 *N. Y.*, 46, and cases cited). There is, in the petition, no allegation of fraud, newly discovered evidence, clerical error, or anything of that character. The real allegation is that an error of law was committed in construing the will. Such an error, if it exist, this court has had no power conferred upon it to correct. It is still a court of special and limited jurisdiction, and has not, as I think, the broad power to deal with its records as to it may seem fit.

It is not denied that the proceedings, which led up to the decree in question, were strictly regular. All in interest were duly cited, and the minors were properly represented on the accounting. It is true, the petitioner alleges that it was not a party to the accounting, but it was not, at the commencement of the proceeding, the guardian of the minors, and those minors were properly cited, as the paper shows.

Motion denied, with ten dollars costs.