# FIFTH DEPARTMENT

## AT.

# GENERAL TERM,

## $\mathfrak{March},$ 1891.

59   545
128a 432
59   545
128a 426

WARREN BRYANT AND ANOTHER, AS EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL OF FRANCIS W. TRACY, APPELLANTS, *v.* HARRIET F. TRACY THOMPSON AND OTHERS, RESPONDENTS.

*Will — a condition that if a beneficiary contests it he shall lose his bequest — is void as to an infant contestant.*

A testator, by a codicil to his will, set apart and placed in the hands of his executors, as trustees, a sum of money, the income of which he directed should be paid to his daughter during life, the principal to be divided, at the time of her death, among her issue, if any; if none, then to become a part of the residuum otherwise disposed of.

By another paragraph of the same codicil it was stated that if any beneficiary named in his will contested it, in person or by another, the testator revoked all provisions contained in said will in favor of the person contesting it; and that if such contestant should be his daughter, then he devised to his wife the sum above mentioned given to trustees for the benefit of the said daughter.

Upon the return day of the citation issued for the proof of the will, the surrogate, upon his own motion, appointed a *guardian ad litem* for the daughter, then an infant, and thereafter said guardian vigorously contested the probate of said will, all proceedings and appeals in regard thereto being concluded, however, before said daughter became of age.

*Held,* that the contest must be deemed to have been made by the daughter, although the actual steps were taken by the guardian.

HUN — VOL. LIX        69

That as the provisions of the will for the daughter constituted a conditional bequest to the executors, as trustees, determinable in the event that the daughter, in person or by another, contested the will, the action taken upon her part, had she been of age, would have forfeited the bequest.

That as the daughter was an infant, and had in the first instance merely submitted her rights to the court, the provision of the will forfeiting the rights of a contestant was, as to her, an attempt to subvert the course of judicial proceedings, and to deprive the court of the right and duty imposed upon it by law, in all cases, to institute, of its own motion, proper proceedings for the protection of infants, and that as to the daughter the condition was void as against public policy.

Appeal by the plaintiffs, Warren Bryant and John U. Wayland, as executors of and trustees under the last will and testament of Francis W. Tracy, deceased, from a judgment, entered in the clerk's office of the county of Erie on the 13th day of September, 1890, in favor of the defendant Harriet F. Tracy Thompson after a trial at Special Term in said county.

*John G. Milburn*, for the appellants.

*John E. Parsons* and *Charles Robinson Smith*, for the respondents.

Macomber, J.:

The plaintiffs, with the defendant, Agnes Ethel Tracy, the latter declining, for reasons of her own, to join with the plaintiff in this action, are the executors of the last will and testament of Francis W. Tracy, late of the city of Buffalo. Mr. Tracy died on the 15th day of April, 1886, leaving a last will, with four codicils thereto. The testator left him surviving Agnes Ethel Tracy, his widow, and Harriet F. Tracy Thompson, his only child and heir-at-law. The latter was an infant, between eighteen and nineteen years of age, at the time of the death of her father. At his death Mr. Tracy was seized in fee of four valuable parcels of real estate in Buffalo and of a large amount of personal property. By the terms of the second article of the second codicil, the sum of $100,000 was set apart and placed in the hands of the executors, as trustees, the income of which should be paid to the daughter, Harriet F. Tracy Thompson, during her lifetime, the principal to be divided at the time of her death among her issue, if any; if none, then to become a part of the residuum otherwise disposed of. Upon the proceedings before

the surrogate for the probate of such will, the special guardian, appointed by the surrogate, of the infant, Harriet F. Tracy Thompson, interposed an answer putting in issue the mental capacity of the testator to make the will and codicils, but the surrogate finally sustained the will and admitted the same to probate. On appeal this decree was affirmed by the General Term of the Supreme Court. This action is brought for the purpose of determining the conflicting claims to this fund of $100,000.

The plaintiffs' case rests upon the contention that the respondent, by reason of the contest to the probate of the will, which was made before the surrogate, and on the appeal to this court, forfeited whatever bequest she would otherwise have received had not such contest been made by her, and that, consequently, under the provisions of the fifth article of the second codicil, the income of this trust fund belongs to Agnes Ethel Tracy, the widow.

The fifth paragraph of the second codicil is as follows:

"*Fifth.* In case any beneficiary named in my said will and testament, whether a devisee, legatee or *cestui que trust* therein named, shall, in person or by another, contest the probate of my said last will and testament, or any codicil thereto, or shall institute any proceedings of any kind with a view to avoid or annul my said last will and testament, or any codicil thereto, or any provision in my said last will and testament, or in any such codicil contained, then, and in either case, I do hereby revoke all provisions in my said last will and testament, or in any codicil thereto contained in favor of the person or corporation contesting or seeking to avoid such last will and testament, or codicil or provision; and if such contestant shall be my daughter, then I give, devise and bequeath to my wife all the property which, in and by such last will and testament and the codicils thereto, is or shall be given to my executors in trust for my said daughter's benefit. If my wife shall be such contestant, then I give, devise and bequeath to my executrix and executors all the property which is by my said last will and testament, or any codicil thereto, given to my wife, in trust for my daughter, and upon the same trusts in every particular as are specified in the second article of this codicil."

At the time the will was offered for probate, Harriet F. Tracy Thompson was nearly, but not nineteen years of age. She had

been separated from her father in early infancy, had taken her mother's family name of Robinson, and had resided with her mother's relatives in and near the city of New York. The mother, having been estranged and divorced from her father, cherished bitter feelings towards him, which, to a considerable extent, had influenced the daughter also. The reasons assigned, however, by the testator for giving no larger portion of his estate to his daughter reflected in no respect upon her, but they are stated by him to be that her mother was possessed of an ample fortune, and in addition thereto a handsome provision had been made for her by the testator's mother.

The respondent, upon the return day of the probate of the will, took no part, either personally or by a general guardian, in the selection of a special guardian who should appear for her in the proceedings in the Surrogate's Court. The surrogate thereupon, of his own motion, in pursuance of section 2530 of the Code of Civil Procedure, appointed a competent and capable member of the bar as special guardian, by an order duly entered May 11, 1886. The guardian consented in writing thus to assume the duties of taking care of the interests of the infant. He took vigilant measures to possess himself of his ward's case. He conferred, very properly, with her and the counsel who had previously been applied to by her and her maternal relatives, and subsequently filed an answer prepared by such counsel, submitting, in a general way, the rights of the infant to the court. The special guardian employed as counsel the same person that had been consulted by the infant and her relatives. The special guardian acted throughout in good faith and contested the probate of the will vigorously, upon the ground, generally, that the testator had not testamentary capacity at the time of the execution of the instrument; and to that end there were called by the surrogate, at the instance of the special guardian, in behalf of the contestant, thirty-six witnesses. The daughter herself was called as a witness by her special guardian, but not upon any subject material to the contest made to the probate of the will.

The surrogate, as stated above, finally admitted the will to probate and certified, in accordance with section 2623 of the Code of Civil Procedure, that the probate of the will had been contested.

The appeal to the General Term was also prosecuted by the same

person who was appointed guardian *ad litem* of the infant for the purposes of such appeals, and was completed before the ward arrived at the age of twenty-one years. No step has been taken in the way of contesting the probate of the will, or in any appeal from such probate, or in defeating the testator's declared intentions, since the daughter became twenty-one years of age.

The second article of the second codicil must be construed in connection with the fifth article of such codicil. Taken together, as the learned justice at Special Term has decided, they constitute a conditional bequest to the executors, as trustees, determinable in the event that the daughter, in person or by another, contests the probate of such will. This is not an unlawful provision when contained in a last will and testament. The testator, having the right to say to whom his property shall be bequeathed and devised, had the right also to make it as a condition of any gift that the recipient thereof shall not contest the probate of the will. (*Cooke* v. *Turner*, 14 Simons, 493; S. C., 15 M. & W., 727; *Evanturel* v. *Evanturel*, 31 Law Times [N. S.], 105; L. R., 6 P. C., 1; *Hogan* v. *Curtin*, 88 N. Y., 162; 2 Jarman on Wills, 58; Schouler on Wills, 605.) Such contest, however, the Special Term held, was instituted and prosecuted by and in the name of the special guardian, and was not the contest of the daughter, in person or by another, within the fifth article of such second codicil. It seems to me, however, that such contest was the contest of the daughter, and not of her special guardian. It is the infant who is always summoned and cited to appear in court, and who is regarded as the real party. It is true that the infant answers in the Surrogate's Court by special guardian, in the Supreme Court by guardian *ad litem*, but the answer is that of the infant party, and the judgment is in favor of or against the infant party, and not in favor of or against the person who is selected by the court to take care of his interests. (*Phillips* v. *Dusenberry*, 8 Hun, 348; *Mutual Life Ins. Co.* v. *Schwaner*, 36 id., 373; *Matter of Accounting of Hawley*, 100 N. Y., 211.)

I cannot regard the contest, as made before the surrogate, as that of the guardian, and not of the daughter. While it is true that the guardian, after his appointment, had, substantially, full control of all the procedings in court, yet the contest, as carried on by him, was that of his ward, and not of his own.

I see no way, except as hereinafter stated, of relieving the infant from the palpable fact that there was a very serious contest made over her father's will by another in her behalf. The action taken in such contest bound, so far as any decree of the surrogate could bind parties upon the question of the testamentary capacity of the testator, as completely as though she had been of full age and had the selection of the counsel who should conduct her defense to the probate of the will. Was it the intention of the testator to cover only the case where there was a personal and responsible act taken by one of the legatees against the will? I think not. He intended to embrace all cases where a contest should be made to the probate of the will where, by the judgment rendered upon such contest, the provisions of the will might be defeated. In such a case it was his obvious purpose to deprive the party of any benefits under the provisions in the will.

It follows, therefore, as it seems to me, that the respondent failed to observe the condition upon which the bequest was made to her, and, consequently, that she cannot now, having been defeated in the probate, receive anything from the estate, unless the provision in question, when aimed at an infant, is to be deemed void as being against public policy. It may well be said that the public has no concern with the question whether the will of a certain person shall be denied probate upon the ground of want of testamentary capacity, and that, consequently, a bequest conditioned upon a party of full age not raising such a question may be deemed valid and may be defeated by the subsequent act of the party in violation of the condition upon which the bequest was made. Any reasonable condition may be contained in a will, but where the condition is such as to subvert the course of judicial proceedings and to deprive the court of the right and duty imposed upon it by law to institute, of its own motion, proper proceedings for the protection of the infant's rights, the question immediately becomes one of public policy and brings into the discussion entirely new considerations. So far as I can ascertain, there has been no decision in the courts of this State directly upon the point. *Woodward* v. *James* (44 Hun, 95) contains a strong intimation which, if applied to this case, would tend to the conclusion that the respondent has not deprived herself from sharing in the property under her father's will,

because the acts taken by her were done while an infant, yet it can hardly be declared that that decision distinctly so holds. While apparently acquiescing in the view taken by the trial judge in that action, the court proceeds to show that the principle sought to be invoked was not applicable, because that action was brought for the construction of the will, and not for the purpose of defeating any portion of the intention of the testator. The court there say: " Had the action been based upon an allegation of undue influence in procuring the will, or of the mental incapacity in the testator, or of duress, and the plaintiff had been defeated upon the issues, a different question would probably arise."

Any provision in a will which, in its application, comes in conflict with the organic or statutory law of the State, by which it is made the duty of the courts to look after the rights of infants, irrespective of the fact whether they are of tender years or not, must be deemed to be illegal and void as being against public policy. A testator cannot be permitted thus to obstruct, by any clause in his will, the necessary steps prescribed by law for the conduct of judicial proceedings in the case of infants, where the paramount duty of the court is to act in behalf of its wards and for their best interests. No penalty or forfeiture can be worked against such a party who has done nothing more than to submit his rights to the adjudication of the courts. Any other rule as applicable to infants would work serious mischief. On the one hand, the court would be required, through its officers, to examine into and ascertain the rights of the infants and determine whether a contest by the ward should be made, and then, after so deciding, if the contest was had and it proved unsuccessful, by the judgment of the same or another court, the provisions of the will for the infant would become inoperative, though every step in the contest was taken intelligently and in good faith and without the consent of the infant. No such restraint upon the independence of officers charged with a duty to their wards can safely be tolerated in last wills. With adults the case is different. They may give away their rights; they may waive the provisions made for them; they are at liberty to enter upon a contest of a will or not, at their pleasure; but with infants the case is otherwise. They have no voice in the matter. The court acts for them, and it would be against the policy of the State to permit its action to be stayed or

trammeled by a testamentary paper imposing a forfeiture upon its ward in case it should exercise its judicial functions in that particular instance.

For this reason I think the judgment appealed from should be affirmed.

Dwight, P. J., and Corlett, J., concurred.

Judgment appealed from affirmed, with costs to both parties, payable out of the estate.