CORNELIA FAY CLINE, Appellant, *v.* DAVID H. SHERMAN and Another, as Executors and Trustees, etc., of WALTER SHERMAN, Deceased, Respondents.

*Executors — when also testamentary trustees — decree on an accounting conclusive — liability of one of two trustees for a trust fund held by his co-trustee — Code of Civil Proc. § 2802 — chap. 782 of 1867; chap. 482 of 1871.*

Where the executors named in a will undertake to act in the execution of a trust created thereby, which is separate from their functions as executors, they sustain the relation of trustees under such will to the beneficiaries of such trust.

The provisions of title 6 of chapter 18 of the Code of Civil Procedure, commencing with section 2802, are a substantial re-enactment of chapter 782 of the Laws of 1867, as amended by chapter 482 of the Laws of 1871, which statutes have been continuously in operation.

When, upon the accounting of executors in a Surrogate's Court, a special guardian has been appointed for an infant interested in the proceedings, the decree made therein has the same effect as to the rights and interests of the infant as a similar adjudication between adults, and where the surrogate is possessed of jurisdiction there is no relief from his decree, even though it was erroneous or irregular, except upon the ground of fraud, clerical mistake, newly discovered evidence or for like causes, and to obtain relief therefrom it is necessary for the infant to apply for the same within one year after becoming twenty-one years of age.

When there is no appeal from such decree, and no application for relief from the same, and the time therefor has expired, such decree is finally binding and conclusive upon all the persons who were parties to the proceeding, and it furnishes absolute protection to the accounting executors.

By the provisions of a will the sum of $10,000 was bequeathed to each of four infants, "to be set apart for each by my executors one year after my decease, and to be invested and reinvested safely by my executors, with the accumulated interest," until each of said legatees should become of age, when such executors were directed to pay over said sums, with accumulations thereon, to each of such legatees respectively, as he or she arrived at the age of twenty-one years.

Two of such legatees were children of one of the executors, and two were the children of the other, and upon the executors' accounting it was shown that the sum of $10,000 had been invested in the name of and for each of the four children, each investment being made in the name of the father for the benefit of one of his children. No objection was made thereto upon such accounting, to which the infants were parties and in which they were represented by a special guardian, and a decree was rendered reciting the establishing of the four trusts and adjudging that the executors were released and discharged from all liability as well to each other as to others, and all of their transactions were approved, ratified and affirmed.

*Held,* that such provision created a trust to be executed by the executors and constituted them testamentary trustees;

That the beneficiary of one of such trusts could not hold the executor, other than her father, liable for the amount of the trust fund of which she was a beneficiary.

APPEAL by the plaintiff, Cornelia Fay Cline, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Dutchess on the 30th day of September, 1893, upon the decision of the court rendered after a trial at the Dutchess Special Term.

*Samuel H. Brown* and *Milton H. Fowler,* for the appellant.

*Ira D. Warren,* for the respondents.

DYKMAN, J.:

Walter Sherman died in March, 1880, leaving a last will and testament, in which he appointed the defendants in this action, his two sons, his executors. The will was proved and admitted to probate and the two executors duly qualified and entered upon the performance of their duties.

Walter A. Sherman and Mary C. Sherman are the children of the defendant David H. Sherman, and Cornelia Fay Cline, the plaintiff, and David H. Sherman are the children of the defendant Samuel W. Sherman, and are the grandchildren named in the fourth clause of the will, which reads as follows:

" I give and bequeath to each of my four grandchildren, Walter A. Sherman, Mary C. Sherman, Cornelia Fay Sherman and David H. Sherman, Jr., the sum of ten thousand dollars apiece, to be set apart for each by my executors one year after my decease, and to be invested and reinvested safely by my executors, with the accu-

mulated interest, until each of my said grandchildren severally shall become of age, and I order and direct my said executors to pay over said sum, with its accumulations, to each of my said grandchildren respectively, as he or she reaches the age of 21 years."

On the 1st day of April, 1881, the defendants, Samuel W. Sherman and David H. Sherman, presented their petition to the surrogate of Dutchess county, properly verified, praying for a final judicial settlement of their accounts as executors, and that all persons interested in the estate be cited to appear on the 6th day of May, 1881, and attend the final settlement of such accounts.

On the last-named day the defendants, as such executors, filed their accounts in the Surrogate's Court. Such accounts, so filed, contained the following statement, viz. :

" From the amount thereof we have set apart the sum of forty thousand dollars, and added from our own personal funds the amount of premiums we have purchased, and now hold $10,000 in United States four per cent bonds, registered in the name of David H. Sherman, trustee of Walter A. Sherman; $10,000 in like bonds, registered in the name of David H. Sherman, trustee for Mary C. Sherman ; $10,000 in like bonds, registered in the name of Samuel W. Sherman, trustee for Cornelia Fay Sherman, and $10,000 in like bonds, registered in the name of Samuel W. Sherman, trustee for David H. Sherman, Jr., all of said bonds being here set down at their face value."

On the return day of such citation the said surrogate duly appointed Thomas J. Swift special guardian for the plaintiff in this action and the other infants interested in the estate.

Thus the defendants informed the surrogate of their proceedings and the disposition they had made of the trust fund. They had invested it in good securities and each father had become a separate trustee for his own children.

No objection was made to the account, and the surrogate entered a final decree discharging the executors from all liability and confirming the separate trusts as they were stated.

The defendant David H. Sherman never had in his possession or under his control the $10,000 of United States registered bonds which were set apart for the plaintiff and never was her trustee. Those bonds were registered in the name of Samuel W. Sherman

alone as trustee, and he had entire possession and control of the same. This suit was brought against both of the executors to compel them to account for and pay over to the plaintiff the fund belonging to her, after crediting themselves with $2,000 paid to her on account thereof.

David interposed a defense but Samuel did not answer.

The case was tried before a judge without a jury, and he decided that by the proceedings before the surrogate upon the final accounting and the final decree rendered therein Samuel W. Sherman was made and became the sole trustee of the plaintiff, and dismissed the complaint as to the defendant David H. Sherman.

The plaintiff has appealed from the judgment entered upon such decision. This action is based upon the theory of the indivisibility of the trust to invest and reinvest $10,000 for each of the grandchildren of the testator, and, without controverting that position, the respondent David H. Sherman relies upon the decree of the surrogate made upon the accounting had before him as final and conclusive, and a protection to him against the claim of the plaintiff.

Again, the plaintiff denies the finality and conclusiveness of the surrogate's decree upon such accounting, and those contentions raise the legal question presented for our solution.

These defendants sustained the relation of testamentary trustees under the will of their testator toward the grandchildren, because they undertook to act in the execution of a trust created by will which is separate from their functions as executors. (Code Civ. Proc. § 2544, subd. 6.)

The sums bequeathed to the minors were to be invested and reinvested by the executors, with the accumulated interest, until each of the grandchildren became of age, and then the executors were to pay over the legacies, with the accumulations, to each of the grandchildren.

That provision created a trust to be executed by the executors, and so constituted them testamentary trustees. The claim of the appellant, that section 2802 as it stood in 1881 contained no provision respecting the effect of a decree upon intermediate accounting, is quite inconclusive. Jurisdiction to settle the accounts of testamentary trustees and guardians was first conferred upon surrogates by chapter 782 of the Laws of 1867. By section 1 of that act sur-

rogates were given power to compel testamentary trustees and guardians to render accounts of their proceedings in the same manner as executors, administrators and guardians appointed by the surrogate were then required to account. That act was amended by chapter 482 of the Laws of 1871 in a respect which is immaterial here. The provisions of title 6 of chapter 18 of the Code of Civil Procedure, which commence with section 2802, are a substantial re-enactment of the law of 1867, as amended by the act of 1871, so that those statutes have been in operation all along. (*Matter of Hawley*, 104 N. Y. 264.)

As there was a guardian appointed for the infants in the proceedings for the accounting, and before the surrogate, the decree there made has the same effect as a similar adjudication between adults. (*In re Tilden*, 98 N. Y. 434; *Matter of Hawley*, 104 id. 251.)

Further, as the surrogate was possessed of jurisdiction there was no relief from the decree, even though it was erroneous or irregular, except upon the ground of fraud, clerical mistake, newly discovered evidence or through like causes, and to obtain such relief it was necessary to apply for the same within one year after the infants became of age respectively. (Code Civ. Proc. § 1291; *Matter of Hawley*, 104 N. Y. 251.)

As there was no appeal from the decree and no application for relief from the same, and the time therefor has long since expired, it has become finally binding and conclusive upon the plaintiff and all others who were parties thereto. For the same reason the decree of the surrogate upon such accounting furnished absolute protection to the executors. They stated in their account that they purchased and held $10,000 in United States four per cent bonds, registered in the name of Samuel W. Sherman, trustee for Cornelia Fay Cline, the plaintiff, and that was true. No objection was made to that mode of separating the trust, and the decree finally settled and allowed the accounts as thus stated. (*Bowditch* v. *Ayrault*, 138 N. Y. 222; *Denton* v. *Sanford*, 103 id. 607.)

In this last case trustees under the will had invested trust funds in a mortgage on property in New Jersey, and the court decided that the decree of final accounting which showed how the fund was invested furnished absolute protection to the trustees, as no objection was made to their action. In that case, as in this, the **action of**

the trustee might or might not receive approval of the surrogate, but as it did such decree was their protection. That rule is consonant with justice.

Here were two brothers executors of their father's will. Forty thousand dollars was given to them for their four children, who were minors, in equal sums, to be invested and the interest accumulated during their minority, and paid over to them upon their attaining their majority respectively. When the estate was settled and the $40,000 had been invested in government bonds, each father was willing to become the trustee for his two children, and so they agreed to divide the bonds, each taking half, and causing them to be registered in his own name as trustee.

Then they applied to the surrogate for a judicial settlement of their accounts, and stated in their petition how the trust fund was invested, and that half of it was held by each of the trustees for his children.

A guardian was appointed and no objection was made, and the surrogate approved the action of the trustees, and made a decree in which he recited the establishing of the four trusts of $10,000 each, and stated that the executors were released and discharged from all liability as well to each other as to others, and that all their transactions were approved, ratified and confirmed.

The surrogate and all parties interested approved a division of the trust, and had they not done so the respondent David H. Sherman might have protected himself. Under all these circumstances it would be oppressive and unjust to compel him to restore to the plaintiff the money which has been lost without his fault.

The judgment should be affirmed, with costs.

PRATT, J., concurred; BROWN, P. J., dissented.

Judgment affirmed, with costs.