## In re HENDERSON'S ESTATE.

(Supreme Court, Appellate Division, Second Department. October 11, 1898.)

1. EXECUTORS—DECREES—VACATION—POWER OF SURROGATE.

Code Civ. Proc. § 2481, subd. 6, providing that the surrogate's power to set aside a decree for clerical error "must be exercised only in a like case and in the same manner as a court of record * * * exercises the same powers," does not preclude the surrogate from setting aside a decree for such error, on a motion made more than two years after the decree was rendered, though sections 1282 and 1290 prohibit courts of record from setting aside any judgment except in the case of fraud, where the motion therefor is made more than one or two years from the entry of the judgment.

2. SAME—ARITHMETICAL ERRORS.

Under Code Civ. Proc. § 2481, subd. 6, giving the surrogate power to set aside a decree, he may set aside a decree made on an intermediate accounting of an executor for an arithmetical error made by him, imposing on himself a liability for an excessive sum, though his motion for such relief is made more than two years after the decree was rendered.

3. COURTS—STARE DECISIS.

    A surrogate decided that he had no inherent power to grant an application to set aside a decree made by him. On appeal the general term reversed such decision. The court of appeals, reversing the judgment of the general term, declared, "If such power exists, it belongs exclusively to the courts whose records are in question, and cannot be exercised by an appellate tribunal." *Held*, that the question as to whether the surrogate had such inherent power was not decided by the court of appeals, though Code, § 2481, provides that an appeal from the determination of the surrogate on such an application shall be reviewed in the appellate division as an original application to the appellate court.

    Woodward and Bartlett, JJ., dissenting.

Appeal from surrogate's court, Kings county.

In the matter of the estate of Stephen L. Henderson, deceased, an order was made denying the motion of Peter E. Henderson, executor of the will of Stephen L. Henderson, deceased, to open a decree made on an accounting by the executor, and he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward G. Black, for appellant.

James Troy and Robert H. Roy, for respondents.

CULLEN, J. The appellant, executor of the will of Stephen L. Henderson, deceased, applied to the surrogate to open a decree made on an intermediate accounting by the executor. This decree was entered more than two years prior to the application. The ground of the application was that in his account the petitioner had made a clerical, or rather arithmetical, error, as the result of which the decree imposed upon him liability for an excessive sum. The learned surrogate, without passing on the merits of the application, denied it for want of power.

If this were an action in the supreme court, the power to grant the relief sought could not well be denied, despite the lapse of time between the decree and the application. It has been held that the court has inherent authority to open defaults, and to set aside or to vacate judgments, in furtherance of the ends of justice, and that such power neither proceeds from, nor is its exercise limited by, the Code of Civil Procedure. Hatch v. Bank, 78 N. Y. 487; Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842. Though the courts of surrogates are wholly statutory, and possess only such powers as are granted by statute, it was decided even prior to the Code of Civil Procedure that the surrogate had power to vacate his decree on account of fraud, irregularity, or clerical error. Sipperly v. Baucus, 24 N. Y. 46; In re Brick's Estate, 15 Abb. Prac. 12; Dobke v. McClaran, 41 Barb. 491; Campbell v. Thatcher, 54 Barb. 382. The exercise of this power was not limited in time by the provisions of the Revised Statutes as to relief from final judgments (now substantially re-enacted in sections 1282–1292, Code Civ. Proc.). In Sipperly v. Baucus the application to open the decree upon allegation of error was made 4½ years after the entry of the decree; yet it was held that the delay had not barred the petitioners' right to relief. Therefore, unless the Code of Civil Procedure has changed the law on

the subject, the learned surrogate had power to entertain the application before him.

By the present Code (subdivision 6, § 2481) the surrogate is empowered to open, vacate, modify, or set aside a decree or order of his court, and grant a new hearing, for fraud, clerical error, or other sufficient cause. It is provided that "the powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers." The statutory power of a court of record to vacate its own judgments is found in sections 1282 and 1290 of the Code of Civil Procedure. By these sections it is provided that motions to vacate or set aside judgments must, except in the case of fraud, be made either within one or within two years from the entry of the judgment. In this case there is alleged no fraud, but simply an error, and that made by the applicant himself. If, therefore, the effect of section 2481 of the Code is to confer upon the surrogates' courts only the statutory power to vacate decrees possessed by courts of record, and not their inherent power, this application was properly denied. But we are of opinion that the grant of power should not be construed as so limited, and that it was the intention of the section to invest the surrogates' courts with the same power as possessed by this court on similar applications, both statutory and inherent. By the Code of Civil Procedure the surrogate's court was constituted a court of record, and its powers and dignity increased. It could hardly have been intended by the affirmative grant of authority to that court to limit the power that had been previously exercised by it even without statutory provision. The construction contended for by the respondents, and which the learned surrogate felt constrained to adopt, will be sure to work great mischief. The decrees of a surrogate's court deal with the settlement of accounts probably to a much greater extent than those of any other judicial tribunal. Experience teaches us that no errors are more common than arithmetical ones. In ordinary litigation between parties whose claims or interests are adverse, such errors would soon be discovered, and relief from them obtained. But, in the case of intermediate accounts of estates not distributed by the decree of the surrogate, arithmetical errors involving large sums might readily remain undiscovered for many years, and that without any real fault imputable to the parties other than such blunders as will be made even by careful persons. We think it should not be held that relief in such cases is not possible.

It is argued that on the question before us we are concluded by authority. In Re Hawley, 100 N. Y. 206, 3 N. E. 68, the general term reversed an order of the surrogate denying an application to open and vacate certain decrees theretofore made by him. The applications were made after the periods permitted by the Code for that purpose. Th general term based its decision, reversing the surrogate and granting the application, on the ground of the inherent power of courts to set aside or open decrees in the furtherance of justice. 36 Hun, 258. The court of appeals reversed the order of the general term, holding that the lapse of the statutory time was a bar to the application. With reference to the ground on which the general term proceeded,

that every court of record has an inherent power over its own records ·to modify, amend, or vacate them, independent of any special authority conferred by statute, the court of appeals said: "If such power ·exists, it belongs exclusively to the courts whose records are in question, and cannot be exercised by an appellate tribunal." The section ·of the Code cited (section 2481) provides that an appeal from the determination of the surrogate on such an application shall be reviewed by the appellate division as an original application to the appellate court. It is insisted that when the court of appeals decided that the appellate tribunal could not, in the exercise of inherent power, grant the application, it necessarily decided that the power did not exist in the surrogate's court. There is much force in this argument. It is sufficient, however, to say that the court of appeals did not ·assume to decide that the surrogate was without power, but expressly left the question open. Holding the view already expressed ·as to the necessity of the existence of such a power in the surrogate, we are of opinion that we should not carry the decision in the Hawley Case beyond the limits placed upon it by the court of· appeals itself.

The order appealed from should be reversed, with $10 costs and ·disbursements, and the application be remitted to the surrogate's ·court, to be heard on the merits.

GOODRICH, P. J., and HATCH, J., concur.

WOODWARD, J. (dissenting). I am unable to agree with the con- ·clusion reached by Mr. Justice CULLEN in this case. He has correctly stated that, if this were an action in the supreme court, it ·could not well be doubted that the· court would· have had power to grant the relief sought, despite the lapse of time between the decree ·and the application, and that it has been held that the court has inherent authority to open defaults, and to set aside or to vacate judg- ·ments, in furtherance of the ends of justice, and that such power ·neither proceeds from nor is its exercise limited by the Code of Civil Procedure; citing, in support of this position, Hatch v. Bank, 78 N. Y. 487, Vanderbilt v. Schreyer, 81 N. Y. 646, and Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842. In the first of these cases the plaintiff sued to recover money paid on the purchase of certain forged bonds. ·They recovered judgment in the action, which judgment was paid. Two and a half years afterwards plaintiffs discovered that they had not included in their suit all the bonds, and thereupon applied to vacate the judgment, and to amend the complaint by inserting in their demand the omitted bonds,—a demand which at the time ʻhad ʻbecome barred by the statute of limitations. The application was granted by the special term, whose order was affirmed by the general term. The court of appeals dismissed an appeal from the order, on the ground that it was within the power of the supreme court to grant the relief given. Certainly, the court exercised, in the case cited, a power as great as that which was invoked from the surrogate in the case before us. But these decisions are not conclusive as to the authority of the surrogate. The courts of surrogates are wholly ·statutory, and have only such powers as are granted to them by the

statute. By section 2481, Code Civ. Proc., a surrogate is given power "to open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. . The powers conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers." The statutory power of a court of record to vacate its own judgments is found in sections 1282 and 1290 of the Code of Civil Procedure. By these sections it is provided that motions to vacate or set aside judgments must, except in the case of fraud, be made either within one or within two years from the entry of the judgment. In this case there is alleged no fraud, but simply an error, and that made by the applicant himself. If, therefore, the effect of section 2481 of the Code, already cited, is to confer upon surrogates' courts only the statutory power to vacate decrees possessed by courts of record, and not their inherent power, this application was properly denied. If the question were an original one, and this provision of the section stood alone, I should not be inclined to construe the power of the surrogate as so limited. But the Code, in the same section, further provides that, on an appeal from a determination made by the surrogate on an application to vacate or set aside a decree or grant a new trial, the general term of the supreme court has the same power as the surrogate, and that his determination must be reviewed as if an original application was made to that term. Mr. Justice CULLEN cites In re Hawley, 100 N. Y. 206, 3 N. E. 68, and seeks to distinguish the case at bar. But the statute directs that an appeal from the determination of the surrogate on such an application shall be reviewed as an original application to the appellate court. Therefore, while the opinion of the court of appeals leaves the question of the inherent jurisdiction of the surrogate's court undetermined, the decision of the court necessarily involves the conclusion that the jurisdiction does not exist. As the only grant of power to the surrogate is in section 2481, and in that section it is provided that the exercise of the power may be reviewed by the appellate court, I do not see how we can say that the provisions for appeal apply only to the statutory power of the surrogate's court, and not to its inherent power; for, indeed, the term "inherent power" is a misnomer when applied to surrogates' courts, since a power that in the supreme court would be inherent would be possessed by the surrogate's court only by virtue of the statute. Therefore, when the court of appeals decided that the general term could not on appeal vacate a decree of the surrogate in furtherance of justice, it seems to me it necessarily decided that the surrogate himself had no greater power.

The order appealed from should be affirmed, with $10 costs and disbursements.

BARTLETT, J., concurs.