In the Matter of the Revocation of Probate of the Alleged Will and Testament of MARTHA K. PEASLEE.

*Estoppel — operation thereof against a legatee, who, having received a portion of her legacy, seeks to revoke the probate — the burden of proof that the reason for a rule does not exist — jurisdiction of a surrogate.*

73  113
76  205
73  113
81  429

73  113
22ap378

73h      113
40 Mis¹231

It is a well-settled proposition, in law as well as in equity, that he who accepts and retains a benefit under an instrument, whether deed, will or other writing, is held to have adopted the whole, and to have renounced every right inconsistent therewith.

Where a legatee named in a will is paid a portion of her legacy by the executors thereof, she is not in a situation to attack the will until she puts the parties in a position where, whatever the result may be, no one can be the loser, because of the payments originally made to her.

Where a person asks that a rule be not applied on the ground that the reason upon which it is founded was not present, the burden rests upon him to establish clearly the facts which he relies on to support his contention.

A surrogate has the right to determine, in a proceeding for the revocation of the probate of a will, whether the person presenting the petition is a person interested in the estate of the decedent, and if from the facts before him, it appears that under well-settled rules of law the petitioner is estopped from claiming in hostility to the will, it necessarily follows that he must determine that the petitioner cannot be allowed to proceed further in the direction of revocation because of a want of interest in the estate of the decedent.

APPEAL by the petitioner, Frances M. Peaslee, one of the heirs at law and next of kin of Martha K. Peaslee, deceased, from an order and decree of the surrogate of the county of New York, entered in the office of the clerk of said court on the 25th day of July, 1893, denying the application of the petitioner to revoke the probate of the last will and testament of Martha K. Peaslee, and dismissing the proceedings instituted therefor.

*William H. Arnoux* and *John R. MacArthur*, for Frances M. Peaslee, petitioner, appellant.

*Robert Hunter McGrath, Jr.*, and *Daniel G. Rollins*, for the executors, respondents.

PARKER, J.:

By a decree of the Surrogate's Court of New York, dated January 25, 1892, there was admitted to probate an instrument adjudged

to be the last will and testament of Martha K. Peaslee. It contained a bequest to Frances M. Peaslee, a daughter of the testatrix, on account of which the executors made payments to her on the dates and in the amounts following : January 28, 1892, $2,500 ; May 24, 1892, $4,500 ; in all $7,000.

Subsequently, and within the time allowed by law, Frances M. Peaslee filed a petition in the Surrogate's Court of New York, praying for a revocation of the probate of such will.

Citations were thereupon issued. The executors appearing in response thereto, answered that they had made the payments above referred thereto; that the petitioner had not refunded nor offered to refund the same, and demanded a dismissal of the proceeding.

It is a well-settled proposition in law, as well as in equity, that he who accepts and retains a benefit under an instrument, whether deed, will or other writing, is held to have adopted the whole, and to have renounced every right inconsistent with it.

The rule has found expression in many actions and with widely differing facts. A few of them only will be referred to.

In *Chipman* v. *Montgomery* (63 N. Y. 234), which was an action in the Supreme Court to obtain a judicial construction of a will, and for an accounting, Judge ALLEN, speaking for the court, said : " Two of the plaintiffs have received in whole or in part the legacies given them by the will, and having accepted the benefits of the provision made for them, cannot be heard in opposition to other parts of the instrument, except by proof of circumstances showing that they had not intelligently elected to take under the will, rather than in opposition to it, and a *return of all that has been received by them.*" And he quoted with approval Lord REDESDALE's decision, in *Birmingham* v. *Kirwan* (2 Sch. & Lef. 444), that this rule of election is applicable to every species of instrument, whether deed or will, and to be a rule of law as well as equity.

The rule is also asserted in *Havens* v. *Sackett* (15 N. Y. 365).

In *Mills* v. *Hoffman* (92 N. Y. 181), which was an appeal from a decree of the Surrogate's Court compelling an administrator to account, the objection overruled by that court being that the petitioner was barred, because of an entry of judgment, in which she was a party defendant, although an infant, and the subsequent distribution of the estate in pursuance of the judgment by which

the moneys came into the hands of her guardian and upon her majority to her. After this latter event the judgment was vacated and set aside as to her, on the ground that the appointment of a guardian *ad litem* to represent her had been irregular, and the Court of Appeals held that she was estopped from controverting in the Surrogate's Court the judgment under which she had received benefits.

In *Matter of Soule* (1 Connolly, 18), the right of a legatee who had received moneys under a will to claim revocation of probate without making full restitution to the executors was denied.

Numerous cases have arisen under wills where this principle has been applied. (*Hamblett* v. *Hamblett*, 6 N. H. 333; *Van Duyne* v. *Van Duyne*, 14 N. J. Eq. 49; *Weeks* v. *Patten*, 18 Maine, 42; *Smith* v. *Guild*, 34 id. 443; *Hyde* v. *Baldwin*, 17 Pick. 303; *Smith* v. *Smith*, 14 Gray, 532; *Bell* v. *Armstrong*, 1 Adams, 365; *Braham* v. *Burchell*, 3 id. 243.)

The learned counsel for the appellant, while citing no authorities asserting a contrary proposition, has carefully analyzed and elaborately discussed nearly all the cases we have cited, in order to make it appear that they are distinguishable from the case at bar. In their facts they are different from this case and they differ from each other, but they all tend to make good the assertion which may be found running through the books, that he who receives money or property, or a benefit of any kind under an instrument, whatever its character, or his relation to the maker of it, cannot question the instrument in whole or in part. But the appellant urges that the reason for the rule does not apply in this case, and, therefore, the rule should not obtain. Here he says no injury can result to the executors or any one else, because the petitioner is permitted to contest the will while retaining the $7,000 which she received from the executors, because if the will be set aside she, as one of the next of kin, will be entitled to receive a larger sum of money than $7,000, and, therefore, the executors can be amply protected by the surrogate. It may be true that if the contest should proceed it would so turn out, but of that we are not assured.

It does not appear that should the petitioner be successful in her contest, that as a result her mother's intestacy will be established.

There may be other and prior wills in existence, the validity of

one of which may be established, with the possible result that the petitioner will not receive thereunder a legacy sufficient in amount to make good the advancement to her by these executors. Certainly the contrary cannot be safely assumed.

The fact that the petitioner received this money, and expended it before becoming aware of the facts which encouraged her to enter upon a contest of the will, may perhaps be unfortunate for her. If misfortune it be, it arises of course from the necessities which induced her to expend the money. Where a person asks that a rule be not applied, on the ground that the reason upon which it is founded is not present, the burden rests upon him to establish clearly the facts which he relies on to support his contention. The petitioner took the money and used it, and until she puts the parties in a position where, whatever the result may be, no one can be the loser, because of the payments originally made to her, she is not in a situation to attack the will. But the appellant urges that, granting the existence of the principle contended for, and its applicability to the petitioner's situation, still the Surrogate's Court, not being a court of equity, was without authority to determine the question.

Section 2647 of the Code, which provides who may petition for the revocation of a will, confers, we think, upon the Surrogate's Court the authority to pass on the proposition presented here. It does not provide that any one of the next of kin may within one year petition for a revocation of the probate, in which event the proceedings described in that and the following sections shall be had. On the contrary, it provides that " a person interested in the estate of the decedent may ＊ ＊ ＊ petition."

This clearly means that the person making the application must have a substantial interest in the result at the time he files his petition. The fact that he is one of the next of kin is not sufficient, if, by assignment or otherwise, he has disabled himself from sharing in the estate should the will be revoked. The aim of the statute is not to encourage vexatious contests, but to secure to a party who, but for the will, would receive a larger share of the estate than bequeathed to him by it, a year in which to ascertain all the facts surrounding its execution, and to determine whether to assume the responsibility of making a contest. In order to avail himself of the

privilege thus afforded, he must be in such a position that he is "a person interested in the estate."

That such is the purpose of the statute seems to be apparent from the mere reading of the provision, but if doubt remains, it must certainly give way after a comparison of the section with the provisions of the Revised Statutes which it stands in the place of. (3 R. S. [6th ed.] 61, §§ 27, 28, 29.)

Those sections provide that "any of the next of kin to the testator may at any time, within one year after such probate, contest the same." It will be observed there was no restriction placed upon the next of kin whatever.

According to its terms one of the next of kin, although he might have disposed of his interest in the estate, or by other acts placed himself in such a position that he could not share therein, might still carry on a contest which would greatly annoy, and perhaps result in considerable injustice to others.. The change in the statute was intended doubtless to do away with the opportunity thus afforded for mischievous contests.

Its beneficial features were retained, the right to make application for a revocation of the will being limited to those only having a present interest in the estate ; necessarily, therefore, the statute confers upon the surrogate the right to determine, before proceeding with a contest, whether the person presenting the petition is "a person interested in the estate of the decedent."

If from the facts before him it appears as it did in this case that, under well-settled rules of law, the petitioner is estopped from claiming in hostility to the will, then it necessarily follows that he must determine that the petitioner cannot be allowed to proceed further in the direction of revocation because of a want of interest in the estate of the decedent.

The order should be affirmed, with costs and printing disbursements.

VAN BRUNT, P. J., concurred.

Order affirmed, with costs and printing disbursements.