(81 Hun, 425.)

### In re RICHARDSON'S WILL.

### KARAN v. WASHBURN et al.

(Supreme Court, General Term, First Department. November 16, 1894.)

WILLS—REVOKING PROBATE.

Probate will not be revoked on the ground that petitioner was an infant at the time, and that citation was not served on her, where it appears that she waived citation, and that she was then about 19½ years old; that she did not file her petition until about 3½ years after she became of age; that during the whole time she received benefits under the will, none of which she offered to return; that she acted with the executors in settling a claim against the estate; that she had instituted proceedings against the executors for an accounting; and she does not assert ignorance of any fact on which she bases her application, or disclose merits therein.

Appeal from circuit court, New York county.

Proceeding by Viola J. M. Karan to vacate a decree admitting to probate the will of Benjamin Richardson, deceased. The application was denied, and petitioner appeals. Affirmed.

February 20, 1889, Benjamin Richardson died, leaving, him surviving, Joseph B. Richardson, son, Jane Richardson, daughter, and five grandchildren, the children of a deceased daughter, to wit, Ella T. Birdsall, William H. Birdsall, Louis P. Birdsall, Viola J. Birdsall, and Philena C. Cooper, only heirs and next of kin of the decedent, who left a paper executed February 25, 1888, purporting to be his last will and testament. On the 27th of February, 1889, the executor mentioned in the will verified and filed in the surrogate's court a petition praying that a citation be issued to the persons mentioned in the petition to attend the probate of the will. On the 1st day of March, 1889, a citation was issued, which was directed to all of the persons mentioned in the petition, including Viola J. Birdsall, and citing them to attend the probate of the will on March 2, 1889. The citation was not served on any of the persons to whom it was addressed, for the reason that on the 28th day of February, 1889, all of them had waived, in writing, the issuance and service of a citation, and had consented that the instrument dated February 25, 1888, and purporting to be the will of the decedent, be forthwith admitted to probate. All of the persons interested were of full age except Viola J. Birdsall, who was born September 20, 1869, and consequently, on the 28th of February, 1889, was of the age of 19 years, 5 months, and 8 days. The only provisions contained in the will for the benefit of Viola J. Birdsall are the fifth and sixth clauses. By the fifth clause she was permitted to reside at No. 514 East 116th street so long as she should wish. The following is a copy of the sixth clause:

"Sixth. I give, devise, and bequeath to my executor, William T. Washburn, and to Emma Richardson, wife of my brother Joseph, executrix, and their successors in said office, all the balance of my real estate, wherever located, in trust for the purposes following: (1) I hereby direct my said executor and executrix to sell all real estate, from time to time, as the same can be sold to advantage, and of the avails thereof to pay my just debts, all the incumbrances upon said real estate, and all the legacies herein given, and, after all said debts, incumbrances, and legacies are paid, to pay remaining the balance to such of my children as may be living at the time of my decease, and the share of such of my children as now are, or as may at the time of my decease be, dead, to their children, in such proportion or share as the law would give them if I die intestate."

Viola J. Birdsall became 21 years of age September 20, 1890, and continued

to occupy No. 514 East 116th street until March, 1893, when she married, and became Viola J. M. Karan. On the 9th of February, 1894, 3 years, 4 months, and 19 days after having reached her majority, she verified the petition by which this proceeding was instituted.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Rastus S. Ransom, for appellant.

Robert H. McGrath, for respondents.

FOLLETT, J. The learned counsel for the appellant asserts in his brief that this proceeding is not for the revocation of the probate of the will under section 2647 of the Code of Civil Procedure, but is a proceeding "to vacate and open the decree under section 2481, subd. 6, of the Code of Civil Procedure, which provides:

"Sec. 2481. A surrogate, in court or out of court, as the case requires, has power: * * * (6) To open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers, conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers. Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the general term of the supreme court has. the same power as the surrogate; and his determination must be reviewed, as if an original application was made to that term."

The sole ground on which the plaintiff seeks to revoke the probate of the will is that the surrogate's court acquired no jurisdiction over her in the proceedings to probate the will. This proposition is predicated on four undisputed facts: (1) That when the will was probated, March 2, 1889, she was but 19 years, 5 months, and 12 days old; (2) that February 28, 1889, when she waived service of a citation to attend the probate, none had been issued; (3) that no citation to attend the probate was ever served on her; (4) that the surrogate failed to appoint a competent and responsible person to appear as special guardian for her in the proceeding to probate the will. Apart from the question whether the surrogate's court, on March 2, 1889, had acquired jurisdiction of the plaintiff, we think that the decree should be affirmed because of the action and nonaction of the plaintiff during 3 years, 4 months, and 19 days between the time she became of full age and the date when she began these proceedings. During this period she accepted benefits under the probated will, none of which has she offered to restore; and some of which she cannot restore. The testator died February 20, 1889, and the plaintiff became of full age September 20, 1890. Pursuant to the fifth clause of the will, she occupied a dwelling from the testator's death to March, 1893, when she was married,— during a period of more than 4 years; $2\frac{1}{2}$ of these years being after she became 21 years of age. Before she became of full age she received from the executors $165 in cash, and after she became of age she received from them $260 in cash, and in addition has received, since August 3, 1892, one-fourth of the net rent from four houses, her share amounting to more than $20 per month. An action was

brought against the executors and devisees, by a woman who asserted that she was the widow of the testator, to recover her alleged dower right, which the appellant and the other defendants therein settled on the 11th of February, 1891, by giving their bond for the payment of $50,000 one year from date, secured by three mortgages, executed by the executors and devisees, on the real estate left by the testator. The executors paid $15,000 of this sum, and the remainder—$35,000—was borrowed February 18, 1892, on the bond of the executors and devisees, secured by three mortgages executed by them. This plaintiff was a party defendant in that suit, participated in its settlement, and executed the two bonds and mortgages given for their security. In 1893 she began proceedings in the surrogate's court, which are still pending, to compel the executors to account. From the death of the testator to this date, the plaintiff has resided in the city of New York, has had personal knowledge of the will, of the proceedings taken to probate it, and of the transactions of the executors and devisees thereunder, and has joined in such transactions. She does not assert that she was ignorant of any fact on which she bases her present application, but only that she was ignorant of the law applicable to those facts. She does not disclose why she desires the probate revoked. It is not alleged that the will is for any reason void, or even that she desires to contest its probate on any ground. In short, she discloses no merits. In re Peaslee's Will, 73 Hun, 113, 25 N. Y. Supp. 940, this general term held that a legatee who has received a portion of a legacy cannot maintain a proceeding to revoke the probate of the will without restoring, or offering to restore, the sum received. The cases supporting this proposition (and they are numerous) are cited in the opinion, and need not be here referred to. It is said that the case last cited is not an authority for the position that the appellant is estopped, because in that case the petitioner, an adult, was a party to the proceeding to probate the will, and that the surrogate's court acquired jurisdiction over her. However the fact may be, the report of the case does not show the decision was not placed on that ground, but upon the ground that a person, by accepting benefits under a probated will, is estopped from seeking to revoke its probate. Persons may estop themselves from questioning void judgments, decrees, acts, and contracts,—for example, a forged signature to a contract,—provided they are not void as against public policy. The probate of a will is in the nature of a proceeding in rem, and affects the status of the estate, which status, as established by the probate, may be ratified by a person interested, though no jurisdiction was acquired over such person when the will was probated. This ratification may be effected by a writing solemnly executed, or by the acceptance of benefits under the will and proceedings, with full knowledge of all the facts connected therewith. The latter is what the appellant has done. A person sui juris, who is not served in an action which ripens into a judgment, through which the title to real property is affected, may, by accepting the benefits flowing from the judgment, with full knowledge of all the facts, bar himself from the right to

vacate the judgment; and so an infant not served, after he becomes of full age, by accepting the benefits of the judgment, with full knowledge of all the facts, may so ratify it as to be estopped from moving to set it aside. It will be observed that the section under which this proceeding was instituted provides:

"The powers, conferred by this subdivision, must be exercised only in a like case and in the manner as a court of record and of general jurisdiction exercises the same powers."

A decree of a surrogate's court should not be vacated for fraud unless the facts would justify setting aside a judgment of the supreme court, which does not set aside its judgments on that ground unless the fraud is clearly established. Smith v. Nelson, 62 N. Y. 286; Kinnier v. Kinnier, 45 N. Y. 535. The section of the Code under which this proceeding is prosecuted provides:

"Upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the general term of the supreme court has the same power as the surrogate; and his determination must be reviewed, as if an original application was made to that term."

The undisputed facts in the record refute the appellant's allegation that a fraud was practiced upon her, or on the surrogate's court, in the proceeding to probate the will; and, if the evidence produced by both sides is weighed, that furnished by the executors greatly outweighs that which was given by the appellant. The decree should be affirmed, with costs. All concur.