In re DOUGLAS.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

EXECUTORS AND ADMINISTRATORS—OPENING DECREE OF SURROGATE—GROUNDS.
    Under Code Civ. Proc. § 2481, providing that the surrogate may vacate a decree for fraud, newly-discovered evidence, clerical error, or other sufficient cause, the surrogate cannot vacate a decree settling an executor's account, which has been entered on the merits, on the ground that it was erroneous.

Appeal from surrogate's court, New York county.

Application of Hugh Douglas, as executor of the will of Mary E. Bird, deceased, to open and vacate a decree settling an account. From an order denying the application, applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Otto T. Hess, for appellant.
A. H. Ammidown, for respondents.

RUMSEY, J. On the 13th of January, 1892, a decree was entered in the surrogate's court of the county of New York settling the accounts of the petitioner, Hugh Douglas, as executor of the last will and testament of Mary E. Bird. The account which was the subject of that decree had been presented; the persons interested had been cited; they had filed objections to the account, and those objections had been referred to a referee. One of the questions presented to the referee was whether the executor was chargeable with five or three bonds of the Columbus, Hocking Valley & Toledo Railroad Company. He had accounted for three. It was claimed that he should have accounted for five. The question was litigated before the referee, and his report was made to the surrogate on the 9th of September, 1891, in which he found that one Hepburn, in settlement of a claim of the estate of Mary E. Bird against him, was to deliver to the executor five mortgage bonds of the Columbus, Hocking Valley & Toledo Railroad Company; that under the agreement he had delivered three bonds, and two were due; and that he was chargeable

with those two. Upon that report a decree was entered charging the executor with those two bonds, making five in all. No question was raised to that decree until April 4, 1898, when the petitioner filed another account, in which he sought to credit himself for the amount of two bonds charged to him on the former accounting, and which he claimed was an error in the decree. He thereupon petitioned that the decree of 1892 might be opened and vacated so that he might relieve himself from the charge of the two bonds made against him by it. An answer was served to that petition, which came on to be heard before another referee, appointed for that purpose, and he reported that while, in fact, the two bonds had never been received by the executor, still, as he might have collected them, and had been negligent in his duty by not doing so, he was properly charged with them. Upon that report coming on to be heard, the petitioner's motion was denied opening the former decree. The denial was not put upon the want of power, but it seems to have been upon the merits. But, whether made upon the merits or upon the want of power, I think it must be sustained, for the surrogate had no power to vacate the decree. The power of the surrogate to vacate a decree is limited to cases where there has been fraud, newly-discovered evidence, clerical error, or other sufficient cause. Code Civ. Proc. § 2481, subd. 6; In re Tilden's Ex'rs, 98 N. Y. 434. It is unnecessary to consider the question whether that power must be exercised within the time during which powers are to be exercised by the supreme court, because the surrogate can only open the decree in case it has been made to appear that there has been fraud, or there is newly-discovered evidence, or a clerical error, or some other sufficient cause. The sufficient cause must be some other fact than that the decree was erroneous, and must be raised on an appeal to be taken from it. In re Hawley, 100 N. Y. 206, 3 N. E. 68; In re Tilden's Ex'rs, 98 N. Y. 434. Where a matter has been contested, and a finding made upon it, and a decree entered upon that finding, which disposes of the case in favor of the contestants and against the executor, it clearly is not a clerical error, and for that reason is not within the power given to the surrogate by section 2481; and for that reason, also, the case In re Henderson, 157 N. Y. 423, 52 N. E. 183, does not apply. The case is precisely within In re Hawley, supra, where an adjudication was made by the surrogate upon a contest. It was claimed that it was erroneous, and an application was made to vacate it on that ground. It was denied by the surrogate, but the order of the surrogate was reversed by the general term, but upon appeal to the court of appeals it was held that it was not such a case as brought it within the provisions of the Code, and that it was improper to vacate the decree, and for that reason the order of the general term was reversed, and the order of the surrogate affirmed. I see no distinction between that case and this, and for that reason the order should be affirmed, with costs. All concur.