Matter of the Final Judicial Settlement of the Accounts of C. FRED CAMPBELL, as Administrator of the Estate of FRANCESCO ROCCO, Deceased.

(Surrogate's Court, Madison County, July, 1907.)

Surrogates' Courts — Procedure and review — Orders and decrees — Opening, vacating and correcting — Grounds — What matters only reviewable upon appeal.

Where letters of administration upon the estate of an Italian are issued to the undertaker who buried him, and, after decedent's widow came to this country, an inventory of the estate was taken and filed, and, upon the judicial settlement of the accounts of the administrator, for which the widow has been served with a citation and appeared by attorney who was also appointed a special guardian of infant parties, the account showed the whole estate had been used up and paid out by the administrator and that neither in the inventory nor in the final account had anything been allowed for exemptions to the widow or minor children, although the matter was called to the attention of the court upon the day of the judicial settlement, the decree entered thereon cannot be reviewed upon a petition by the widow under section 2481 (6) of the Code of Civil Procedure for an order to show cause why said decree should not be set aside and the administrator directed to pay petitioner for widow's exemptions; and, in the absence of fraud and collusion between her attorney and the administrator, said decree should be affirmed.

Surrogate's Court, Madison County, July, 1907. [Vol. 55.

PROCEEDINGS upon the final judicial settlement of the accounts of an administrator.

M. H. & W. J. Powers, for petitioner, Maria Pariglio.

S. M. Wing, for administrator.

A. E. Campbell, in person.

KILEY, S. A decree of judicial settlement of the accounts of the above named administrator was granted by Hon. John E. Smith, the then surrogate of Madison county, and entered in the surrogate's office of said county on the 25th day of November, 1905. The petitioner herein, who is the widow of Franceso Rocco, the above named decedent, filed her petition with the court on the 6th day of October, 1905, asking for an order that a citation issue to the administrator and to Albert E. Campbell, who was appointed special guardian of two infant children of said deceased, and to the petitioner and to all other persons interested in said estate to show cause, on a day therein designated, why the decree should not be set aside and the administrator directed to pay to the petitioner, as widow, her exemptions as provided by statute. No appeal was taken from the decree of final settlement aforesaid. The petitioner was personally served with a citation for judicial settlement, at Rome, N. Y., on the 16th day of November, 1905.

The petitioner bases her claim for the relief sought herein upon the provision of subdivision 6 of section 2481 of the Code of Civil Procedure. Her petition alleges fraud and collusion had and practiced between the administrator and the said Albert E. Campbell who, the evidence and proceedings show, had been retained by her as her attorney upon said final accounting.

The first question that is presented by the petition, answers, evidence and proceedings, is, whether the petitioner is entitled to this remedy.

In order to reach a conclusion upon that point, it is neces-

sary to make a brief review of the causes and effect leading up to the time of the filing of the petition.

The deceased was an Italian, working upon the railroad near Canastota, this county; and, while engaged in that occupation, he was accidentally killed. The administrator is the undertaker who buried him. The petitioner was not in this country at the time of her husband's death; and letters were issued to Mr. C. F. Campbell, the undertaker, as a creditor.

It appears from the evidence that it was nearly a year after Mr. Rocco's death when his widow came to this country; an inventory was taken and filed, showing the assets of the decedent's estate amounted to $286.56, $25 of which, it is claimed, was afterward discovered to belong to another Italian. In the fall of 1905, petitioner retained Mr. A. E. Campbell, and proceedings were instituted and the aforesaid judicial settlement was had.

The administrator was represented by George B. Russell, an attorney of Canastota, N. Y.; an itemized account was filed. A. E. Campbell, the petitioner's attorney, was also appointed special guardian of the infants to which I have hereinbefore referred. The account showed that the whole estate had been used up and laid out by the administrator and that nothing, either in the inventory or in the final account, had been set aside as exemptions for the widow or minor children. We have the evidence of attorney Campbell that the matter was discussed before the surrogate upon the day of the judicial settlement, and that he spoke about it to the surrogate or before him, so that the matter was called to the attention of the court.

It seems to me the surrogate made his decision allowing and finally judicially settling this account with all pertinent facts before him that are now before the court. Unless fraud was practiced and collusion existed in marshaling the facts and producing the conditions, as they appeared and were at that time, this decree must stand.

The petitioner alleges fraud and fraud only. He who alleges fraud must prove fraud and has the burden of proof upon that issue.

This decree cannot be set aside unless like relief, under like circumstances, would be granted in the Supreme Court. Matter of Richardson, 81 Hun, 425.

The fraud is denied by the answers of the administrator and by the attorney who represented petitioner upon the final accounting, so that the issue is fairly presented to the petitioner.

I think the petitioner has mistaken her remedy for reviewing the decree. Matter of Hawley, 100 N. Y. 206; Matter of Douglas, 52 App. Div. 303; Matter of Wood, 70 id 321.

She should have appealed from the decree. Whether the attorney for the petitioner upon the accounting should have taken an appeal, I do not intend to intimate or suggest. I do not know what advice he gave her after the granting of the decree, or whether he advised her at all. That question is not before the court for review, and I express no opinion upon it. The only question involving the attorney, Mr. Campbell, before me, is, was he, in connection with the administrator, guilty of any fraud or collusion which deprived the petitioner of her rights in the estate of the deceased? The answer to that I must find in the negative. The record is devoid of any substantial evidence of fraud or collusion

An order may be entered dismissing the proceedings, with twenty-five dollars costs to the administrator.

Proceedings dismissed, with twenty-five dollars costs to administrator.