### PEOPLE v. DUFFY–McINNERNY CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. TAXATION—TRANSFER OF CORPORATE STOCK—TRANSFERS SUBJECT TO TAX—
    ORIGINAL ISSUANCE OF STOCK.
        The original issuance of stock by a corporation is not within Laws 1905, p. 474, c. 241, as amended by Laws 1906, p. 1008, c. 414, imposing a tax on all sales or transfers of corporate stock, whether made on or shown by the books of the corporation, or by any assignment in blank, or by any delivery or any paper or other evidence of transfer or sale.

2. SAME—PROPERTY LIABLE.
        A tax will not be held to be imposed on property, except by language clearly indicating the intent of the Legislature to render the same subject to tax.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 134.]

Submission of controversy between the people of the state of New York and the Duffy-McInnerny Company, under Code Civ. Proc. § 1279, as to whether the original issuance of its stock by defendant was subject to tax under Laws 1905, p. 474, c. 241, as amended by Laws 1906, p. 1008, c. 414. Judgment directed for defendant.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William S. Jackson, Atty. Gen. (Timothy J. Dillon, of counsel), for the People.

James Breck Perkins, for defendant.

SMITH, P. J.   The defendant is a domestic corporation, organized to carry on business in Rochester, N. Y., as a department store.   It was incorporated on April 14, 1906.   Its capital stock is $2,000,000. The entire amount of stock was subscribed and paid in on the 1st of April, 1907.   The capital having been paid in full, the company issued to the subscribers certificates for the amounts to which they were entitled, amounting in all to 20,000 shares.   No stamps were attached to the stock thus issued.   If the issuance of this stock be subject to the tax under chapter 241, p. 474, of the Laws of 1905, the tax would amount to the sum of $400.   The question here for decision is whether the original issuance of this stock is a transfer under the terms of the act, rendering it subject to taxation.

This chapter was amended by chapter 414, p. 1008, of the Laws of 1906.   The amendment was, however, not in any matter material to this controversy.   The law reads:

"There is hereby imposed and there shall immediately accrue and be collected a tax as herein provided, on all sales, or agreements to sell, or memoranda of sales or deliveries or transfers of shares or certificates of stock in any domestic or foreign association whether made upon or shown by the books of the association, company or corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale," etc.

The Attorney General contends that the original issuance of stock is a transfer within the meaning of this act, and that the certificates of stock thus issued are required to have upon them the stamps specified in the act.   With this contention we are unable to agree.   Authority is not needed to the proposition that a tax will not be held to be imposed upon property, except by language clearly indicating the intent of the Legislature to render the same subject to the tax.   The language used in this section, would seem fairly to exclude the original issuance of the stock, by the use of the words "transfer" and "sale," and the failure to specify that the tax should be imposed upon the issuance of the certificates.   A sale or a transfer cannot, except by forced interpretation, be held to include an original issuance of certificates, which are simply evidence of the interest of the subscribers in the corporation.   Until those certificates are once issued, they cannot be made the subject of such sale or transfer as to bring them within the provisions of the act requiring them to pay the tax.

It is argued that the statute refers to instances where the transfer is indicated simply upon the books of the company, and not by the transfer of certificates already in existence, and that it was intended thereby to include the original issuance of the stock.   But it is not infrequent that corporations exist without the issuance of stock, and without any paper showing the interest of the subscribers, other than a minute thereof upon the books of the company.   It is clear to my

mind that this part of the section refers to those cases where the stockholder, without his certificate of stock, is transferring or selling his right in the corporation to another party, where the only evidence of such transfer appears upon the books of the company.

Judgment should therefore be entered in favor of the defendant, with costs.

Judgment directed in favor of defendant, with costs.    All concur.