UNITED STATES RADIATOR CO. v. STATE.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

TAXATION (§ 103*)—EXCISE TAXES—TRANSFER OF STOCK.

Certain corporations transferred their assets to claimant under a voting trust agreement, whereby claimant issued its entire capital stock to a trust company to hold the same as voting trustee and to vote the stock as directed by the vendor corporations, the trust company at the request of such corporations issuing trust certificates covering such stock to the individual stockholders of the corporations in proportion to such stockholders' holdings in the original companies. Held, that the transaction was in effect the issuance of claimant's stock to the vendor companies, and a transfer thereof by them to the trust company as voting trustee, and the issuance by the trust company of trust certificates to the individual stockholders, who were entitled to receive stock in claimant in exchange for their trust certificates at the end of five years, and that

*For other cases see·same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the transfer was therefore taxable under Tax Law (Consol. Laws 1909, c. 60) § 270, imposing a transfer tax on all sales or transfers of shares or certificates of stock in any domestic or foreign corporation or company, etc., whether entitling the holder in any manner to the benefit of such stock, or to secure the future payment of money or the future transfer of the stock.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 202; Dec. Dig. § 103.*]

Houghton, J., dissenting.

Appeal from Court of Claims.

Claim by the United States Radiator Company for refund of taxes paid under protest on certain stock transfers. From a judgment of the Court of Claims dismissing the claim, claimant appeals. Affirmed.

Argued before KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Herendeen & Mandeville, of Elmira (E. Watson Personius, of Elmira, of counsel), for appellant.

Henry Selden Baker, Deputy Atty. Gen., for the State.

LYON, J. This is an appeal from a judgment of the Court of Claims dismissing the claim of the appellant for the refund under the provisions of section 280 of the Tax Law (chapter 186, Laws of 1910) as erroneously paid of the sum of $1,043.16, paid under protest by the appellant pursuant to the decision of the State Comptroller, holding that certain trustee's certificates were taxable under the provisions of section 270 of the Tax Law relating to tax transfers of stock. The case was submitted to the Court of Claims upon an agreed statement of facts by which it appears that the appellant, the United States Radiator Company, a domestic corporation incorporated in May, 1910, purchased certain property and assets of the United States Radiator Company, the United States Radiator and Boiler Company, the United States Heater Company, and the Herendeen Manufacturing Company, for which the appellant owed to such vendor corporations, in specified proportions, its total capital stock of 52,100 shares of the par value of $100 per share; that said four vendor corporations entered into a voting trust agreement with the Fidelity Trust Company of Buffalo, by which said Trust Company was to hold all said stock as voting trustee and vote the same as directed by said vendor corporations; that the shares belonging to the vendor corporations were at their request duly issued by the appellant to said Trust Company, which is now the record owner, for voting purposes, of all said 52,100 shares of the capital stock of the appellant; that each of said vendor corporations, upon the unanimous consent of the stockholders of each, requested said Trust Company to issue its trust certificates covering said stock to the individual stockholders of each of said vendor corporations, and that thereupon said Trust Company issued its trust certificates accordingly, by which it split up among all the individual stockholders of such vendor corporations the said 52,100 shares of stock issued by the appellant standing in the name of said Trust Company, issuing to each individual stockholder of each vendor corpora-

tion its trust certificate covering such individual stockholder's proportionate share of said total issue of stock; that such trust certificates so issued were on the following form, the blank spaces being properly filled:

### "Trustee's Certificate.

'No. ———                                                      ——— Shares

#### "United States Radiator Corporation.

"The Fidelity Trust Company of Buffalo, hereby certifies that ——— is the owner of ——— shares of the ——— capital stock of the United States Radiator Corporation of the par value of one hundred dollars per share, which said shares have been deposited with it as voting trustee, under and pursuant to a voting trust agreement, for five years, dated June 25, 1910, a duplicate of which is filed at the principal office of said corporation at Dunkirk, New York.

"The holder of this certificate by the acceptance hereof hereby binds himself to the terms and conditions of the aforesaid voting trust agreement.

"Subject to said agreement, this certificate is transferable only on the books of the said voting trustee by the owner thereof in person or by its duly authorized attorney, upon the surrender of this certificate properly indorsed.

"As and when dividends upon the stock represented hereby are received by the voting trustee, it will pay over the same to the above named holder thereof.

"At the termination of said agreement the holder hereof shall upon surrender of this certificate be entitled to receive a certificate or certificates for said shares of capital stock.

"In witness whereof, the said voting trustee has duly executed this agreement and affixed its corporate seal hereto under due authority from its board of directors this ——— day of ———.

"The Fidelity Trust Company of Buffalo,
                                    "By Myron S. Hall, Ass't Secretary.
"[Seal of the Fidelity Trust Company of Buffalo.]"

It is conceded that, if liability existed for the payment of a transfer tax, it was the duty of the appellant to pay the same, and that the amount paid was correct. The single question at issue, therefore, is whether liability existed for the payment of a transfer tax upon said trust certificates, and the decision of that question depends upon the construction which should be placed upon section 270 of the Tax Law, constituting chapter 60 of the Consolidated Laws the material part of which applicable hereto is as follows:

"There is hereby imposed and shall immediately accrue and be collected a tax, as herein provided, on all sales, or agreements to sell, or memoranda of sales, or deliveries, or transfers, of shares or certificates of stock, in any domestic or foreign association, company or corporation, * * * whether made upon or shown by the books of the association, company or corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale whether entitling the holder in any manner to the benefit of such stock, or to secure the future payment of money or the future transfer of any stock, on each one hundred dollars of face value or fraction thereof, two cents."

It does not appear from the statements of facts, and is perhaps immaterial, whether the four vendor corporations transferred all their property and assets to the appellant corporation, rendering the stock of such four corporations valueless, nor whether such stock was surrendered, but from the statements of appellant's attorney upon the argument of this appeal it may be assumed that the stockholders in

the four vendor corporations have retained their individual holdings of stock.

Doubtless, had the 52,100 shares of stock been issued by the appellant corporation direct to the four vendor corporations in consideration of such transfer of assets and property to it by the vendor corporations, such issuance of stock would not have been subject to the payment of a transfer tax. People v. Duffy-McInnerney Co., 122 App. Div. 336, 106 N. Y. Supp. 878, affirmed 193 N. Y. 636, 86 N. E. 1129. The transaction as a whole was in effect the issuance of the stock to the vendor companies, the transfer thereof by them to the Trust Company as voting trustee, and the issuance by the Trust Company to the individual stockholders, of the trust certificates, the consummation of the plan to be had at the end of five years by the surrender of the trust certificates, and the issuing to each holder thereof of the number of shares of the capital stock of the appellant company to which his certificates entitled him. In my opinion the trust certificates, representing holdings in a new corporation and entitling the holder thereof to stock therein, and in express terms providing for the future transfer of stock, fell within the statute, and hence the transfer tax was properly imposed.

The judgment of the Court of Claims should be affirmed.

Judgment affirmed.

Judgment affirmed, without costs. All concur, except HOUGHTON, J., dissenting in opinion.

HOUGHTON, J. (dissenting). I do not think the transaction had with the Trust Company amounted to a sale or an agreement to sell or transfer stock within the meaning of section 270 of the Tax Law.

It is conceded that if the 52,100 shares had been issued direct by the United States Radiator Company to the four corporations which it was organized to absorb bought up, or their respective stockholders, in payment of the agreed purchase price, no transfer tax would have been payable. Such a transaction would constitute an original issuance of stock, which under the holding in People v. Duffy-McInnerney Co., 122 App. Div. 336, 106 N. Y. Supp. 878, affirmed 193 N. Y. 636, 86 N. E. 1129, would not be taxable. Instead of issuing such stock directly to the vendors, it was placed in the hands of the Trust Company for the period of five years, and then to be passed over to the vendors in such proportion as they were entitled. Each vendor received a certificate showing the number of shares held for him, with a statement that all dividends declared would be paid to him, and that at the termination of the period upon surrender of the certificate he should receive the stated number of shares of stock, unless he had transferred his right thereto.

The Trust Company was not the owner, and did not claim to be the owner, of the stock. The original vendors owned the stock which was temporarily in the custody of the Trust Company, and which at the end of the stipulated period they were entitled to personally receive. The certificate is a mere receipt executed by the Trust Company, stating that it holds so much stock belonging to the owner, which it will

turn over to him at a certain time. The issuing of the certificate was not a sale of the stock, or an agreement to sell it because the Trust Company did not own it, and did not pretend to own or sell it, and the certificate was issued only to the owner himself. An agreement by a bailee to give back to a man his own stock is neither a sale nor a transfer of the stock. Except for convenience and as evidence of the amount of stock which each vendor owned and was entitled to have turned over to him, there was no occasion for any certificate at all. If the owner and holder of the certificate should transfer it, then, of course, there would be a transfer of the stock, and the right to its delivery and such transfer of the certificate would be taxable. That question, however, is not involved. Nor is the future question which may arise as to whether or not the stock will be taxable when finally passed over to the owners by the Trust Company at the end of the five-year period. The sole question here is whether the issuing of the certificate by the Trust Company, which amounted to a mere receipt showing the rights of the parties, was in any sense a sale or transfer of stock within the meaning of the Tax Law. I think it was not, and that the judgment should be reversed, with costs.