

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3520
Re: Taxability, under Article 15, of House Bill No. 8, Regular Session Forty-Seventh Legislature, of transfer to an executor or administrator, of stock or certificates formerly registered in the name of a decedent.

Your letter of May 10, 1941, submits for our opinion the following question, which we state from copy of attached letter to you from the Humble Oil & Refining Company, through its legal department:

"As we understand the language of Section 1 of the above article providing for the taxation of stock transfers, and indeed the language of the entire ten sections of this article, it is not the intention of the Legislature to levy the tax on the transactions which result in the re-issuance in the name of an executor or administrator of corporate stock formerly registered in the name of a decedent. We should like to have a confirmation by your office, and by the Attorney General's Department if necessary, of our view of this question.

"The language of the tax-levying portion of Section 1 Article XV indicates the intention to tax the sale, agreement to sell, transfer, etc., when such involve the voluntary acts of the parties concerned; the language does not affirmatively indicate the intention to tax the transaction whereby the estate or representative executor or administrator, is invested with indicia of ownership for the purpose of protecting the creditors of the deceased and where such transactions result from operation of law. We understand, of course, that all subsequent transfers by executors and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

administrators to legatees and distributees
would be taxable, for the apparent reason that
there is a movement of the legal title in each
case from the estate of the decedent to other
persons.

"Since it appears that portions of Article
XV were derived from the Federal Stamp Tax Law
and the regulations of the Bureau of Internal
Revenue thereunder, we should like to point out
that under Article 35 (g) of such regulations,

"'the transfer of stock from the decedent
to the administrator or executor of the estate'
* * *

is one of the

"'sales or transfers not subject to tax'
(C. C. H., Stock Transfers, Vol. 1. p. 4244,
2819).

"Under the Federal regulations, Article 34
(n),

"'The transfer of stock by an administrator
or executor to the legatee or distributee' * * *

is one of the

"'sales or transfers subject to tax' (C.C.H.
Vol. 1, p. 4243, 2818).

"In addition to the foregoing, we should like
to point out that, from the point of view of prac-
ticality, it would be a matter of substantial
economy in handling and would contribute to accur-
acy in checking and auditing if Article XV is con-
strued to exempt the transaction whereby the stock
formerly registered in the name of the decedent is
reissued for registration in the name of his execu-
tor or administrator."

Honorable George H. Sheppard, Page 3


Article 15 of House Bill No. 8, Regular Session, Forty-Seventh Legislature, does not contain any express exemption from the excise tax levied thereby, of the transfer or reissue of shares of stock or certificates therefor, to the administrator or executor of the estate of a decedent. Therefore, if such exemption from the tax obtains in this instance, it must be found, by implication, from the exemptions which are expressly stated and from the general nature and scope of the tax.

Section 1 of the cited Act levies and imposes an excise stamp tax "on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, . . . , whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder," etc. It is apparent that the aforesaid tax is an excise laid upon the privilege of <u>selling</u> or <u>transferring</u> shares or certificates of stock. The meaning of the terms "sales or transfers" of shares of stock or certificates therefor has been passed upon by the courts. In the case of Phelps-Stokes Estates Inc. vs. Nixon, 118 N. E. 241, involving the stock transfer tax of New York, from which we understand the instant measure has been patterned by the Texas Legislature, and which, on comparison, appears to be substantially identical, the court lays down the following definitions and interpretations:

"These sections contemplate something more than a theoretical change of title. They contemplate some physical act; the delivery of a certificate; the execution and delivery of a bill of sale; an entry upon the books of the corporation. It is such a transfer as is referred to in section 162 of the Personal Property Law. A transfer is defined in the Century Dictionary as:

"'The conveyance of right, title or property, either real or personal, from one person to another, either by sale, by gift or otherwise.'

"In Bouvier it is said that a transfer is:

"'The act by which the owner of a thing delivered it to another person with the intent of passing the rights which he has in the latter.'

Honorable George H. Sheppard, Page 4

"In Hedrick v. Daniel, 119 Ga. 358-361, 46 S. E. 438, a transfer 'covers any act by which the owner of anything delivers or conveys it to another with the intent to pass his rights' to the latter. In Pearre v. Hawkins, 62 Tex. 434, a transfer is said to be 'An act or transaction by which the property of one person is by him vested in another.' In People ex rel, Hatch vs. Reardon, 184 N. Y. 431, 77 N. E. 970, 8 L. R. A. (N. S.) 314, 112 Am. St. Rep. 628, 6 Ann. Cas. 515, the constitutionality of the Stock Transfer Act was in question. There is no definition given as to the meaning of the word 'transfer'. But the language of Judge Vann's opinion seems to involve the idea that a transfer within the meaning of the statute necessitates some act, such as a sale on the part of the transferror.

"In People v. Duffy-McInnerney Co., 122 App. Div. 336, 337, 106 N. Y. Supp. 878, the question arose whether the issue by a corporation of its original shares was a transfer. The Appellate Division of the Third Department said that the statute was to be strictly construed, and that a sale or transfer cannot, except by forced interpretation, be held to include an original issue of certificates. 'Until those certificates are once issued they cannot be made the subject of such sale or transfer as to bring them within the provisions of the act requiring them to pay the tax.' In the opinions of the Attorney General for September 30, 1914, it was said that where, when trustees named in a will, who as such hold title to stock, either die or resign, and a successor is appointed in accordance with the provisions of the will, the title to the trust property, including the stock, passes to and vests in the substituted trustees, and that such a passing of title is not a transfer within the meaning of the act. 'The title to the stock immediately vests in the substituted trustees, not by virtue of any sale or transfer within the ordinarily accepted meaning of these terms, but by operation of law.'"

In the case of Electric Bond and Share Company vs. State, 293 N. Y. S. 175, also involving the stock transfer stamp tax of the State of New York, identical to the Texas act, the Court declared as follows:

"The court below held that the consolidation of the constituent corporations under said section 86, vested in the new corporation, the claimant herein, the title to said shares of stock and that such transfer was solely by operation of law and not subject to the Stock Transfer Tax imposed by section 270 of the Tax Law.

"Said section 270 imposes a tax 'on all sales, or agreements to sell, or memoranda of sales and all deliveries or transfers of shares or certificates of stock, or certificates of rights to stock, or certificates of deposit representing certificates taxable under this article, * * * whether made upon or shown by the books of the association, company, corporation or trustee, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of sale or transfer, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to said stock, or other certificates taxable hereunder, or merely with the possession or use thereof for any purpose, or to secure the future payment of money, or the future transfer of any such stock, or certificates.'

"Within the reasoning of Phelps-Stokes Estates v. Nixon, 222 N. Y. 93, 118 N. E. 241, it would seem that such tax relates to a sale or transfer within the ordinarily accepted meaning of these terms, and does not apply to a transfer occurring merely by operation of law. We think the court below properly held that the transfers in question are not taxable under said section 270."

We conclude from the foregoing that it was the legislative intent to levy or impose this excise tax upon the transaction or privilege of transferring shares or certificates of

Honorable George H. Sheppard, Page 6

stock, by sale or gift, so as to vest in the vendee, transferee or donee, either the legal or the equitable title therein and thereto. The personal representative of a deceased person, whether executor or administrator, merely stands in the shoes of the deceased, so to speak, and the act of transferring, upon the stock ledger of a corporation or association, shares or certificates from the name of the deceased to the name of such duly qualified personal representative, merely reflects what has occurred by operation of law rather than voluntary acts of the parties, and presents no taxable transaction.

Some of the legal attributes or incidents which flow from stock ownership are (1) the right to share in dividends declared from surplus profits, (2) the right to share in the corporation's assets on distribution thereof among the stockholders on its dissolution, and (3) the right to exercise the indicia of ownership of such shares, such as voting, etc. None of these rights and benefits flow to an executor or administrator, in a personal or individual capacity, but only in a representative capacity, for and in behalf of the beneficiaries of the decedent's estate. A "sale or transfer" of shares of stock or certificates therefor, upon which accrues the excise stamp tax levied by the Act in question, is not present under the factual situation presented by your inquiry.

The stock transfer tax laws of Massachusetts and Pennsylvania provide that such tax shall not apply "to the transfer of stock certificates of a deceased person to his executor or administrator." The Texas Act and the New York Act, from which the Texas Act is patterned, contains no express exemption of such transactions from this tax. The stock transfer tax enacted by congress (26 USCA 1802, Subdivision B) likewise provides no express exemption from the tax levied thereby, on stock transferred under the facts and conditions outlined in the instant inquiry. Therefore, it strengthens our conclusion to note that in the last two instances; that is, in the cases of New York and the Federal government, such tax measures have been, by duly promulgated rules or regulations, construed not to include "the transfer of stock from the decedent to the administrator or executor of the estate." (Article 16, Section 8 of Regulations issued by the New York Department of Taxation and Finance; and Article 35 (g) Regulations of the U. S. Treasury Department.)

Honorable George H. Sheppard, Page 7

The cited regulation or rule of the Treasury Department was issued under date of July, 1932. The Federal stock transfer tax has been three times successively amended (the last time being June 29, 1939), without any express incorporation in the Act of an exemption from the tax, of stock transferred from a decedent to the administrator or executor of the estate. The construction of the Treasury Department to this effect, unless clearly contrary to law, is considered to have been adopted by Congress when this tax measure was re-enacted by amendment. Westbrook-Thompson Holding Corp. vs. U. S. 18 Fed. Sup. 289..

It is, therefore, our conclusion that no tax accrues under Article 15 of House Bill No. 8, Acts Regular Session, Forty-Seventh Legislature, upon the transfer of stock or certificates therefor, from a decedent to the administrator or executor of the estate, as such, and not as a beneficiary. If, in addition to his status as personal representative of a decedent, an administrator or executor is likewise a beneficiary of the estate, as legatee or distributee, then, of course, in such instances, and to that extent, the transfer of stock to such executor or administrator would be taxable.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Pat M. Neff, Jr.
Assistant

PMN:ej


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN